# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES G. JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66201

FILED

APR 14 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of 3 counts of sexual assault of a child under 14, 3 counts of lewdness with a child under 14, and 1 count of sexual assault of a child under 16. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant James Johnson first argues that the district court abused its discretion in admitting evidence of his having shown a pornographic movie to the victim.[1] The district court may admit evidence of another act that is so closely related to the crime charged that the witness cannot describe the crime charged without referring to the other act or crime. NRS 48.035(3); *Bellon v. State*, 121 Nev. 436, 444, 117 P.3d 176, 181 (2005). We review the district court's decision whether to admit evidence for an abuse of discretion. *Mclellan v. State*, 124 Nev. 263, 267,

---

[1]Though Johnson argues that this constituted evidence of prior bad acts and should not have been admitted after the district court conducted a hearing pursuant to *Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), the record clearly shows that a prior-bad-acts analysis did not apply because the evidence was admissible as res gestae under NRS 48.035(3).

182 P.3d 106, 109 (2008). The record shows that Johnson woke the victim by placing his fingers in her vagina and asked her to watch a movie with him. The movie was pornographic, and, during the movie, Johnson placed his mouth on the victim's vagina, which the State charged in the third count. As the crime of sexual assault could not be described without referring to the contextual act of showing the pornographic movie, we conclude that this testimony was properly admitted under the res gestae statute and that the district court did not abuse its discretion.

Second, Johnson argues that the district court abused its discretion in admitting expert testimony on grooming behavior because the expert's testimony was not relevant. Grooming describes a variety of behaviors and practices that an offender uses to prepare a child for victimization. *Perez v. State*, 129 Nev., Adv. Op. 90, 313 P.3d 862, 866 (2013). This court reviews a district court's decision to admit expert testimony for an abuse of discretion. *Id.* at 866. The district court found that the expert's testimony would aid the jury in assessing the victim's credibility in light of the effect of grooming on reducing a victim's resistance and delaying a victim's disclosure. Unlike evidence of grooming that is readily explicable by common sense (e.g., by analogy to a dating relationship) and for which expert testimony would not assist the jury, *see United States v. Raymond*, 700 F. Supp. 2d 142, 150-51 (D. Me. 2010), the evidence of grooming conduct in this case normalized the sexual content of the conduct, leading to the victim's acquiescence to the conduct for several years, and expert testimony was relevant to the jury's assessment of the victim's credibility. The victim here described how Johnson's conduct began when she was eight years old and progressed from his applying lotion to her legs and back to his touching her vagina and breasts. The

expert testified that a perpetrator may use physical contact that is progressively more sexual to make a victim believe that the contact was normal and acceptable and may show a child pornographic material to convey that sexualized conduct is normal and acceptable. Based on the circumstances of this case, we conclude that the expert's testimony was sufficiently relevant to assist the jury in assessing the victim's credibility and that the district court did not abuse its discretion in admitting expert testimony on grooming.

Third, Johnson argues that the district court abused its discretion in admitting expert testimony that was not based on a reliable methodology when the expert's review was limited to the police report.[2] Johnson has not provided cogent argument in support of his attack on the methodology or foundation supporting the expert's testimony, and we need not consider his claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Fourth, Johnson argues that the expert testimony was unnecessary because the victim was able to explain her own motivations for her delayed reporting. Johnson concedes that the victim never explained how the alleged grooming behavior contributed to her delayed disclosure, and we have observed above that the expert testimony was relevant to assessing the victim's testimony. As Johnson otherwise fails to

---

[2]We review Johnson's argument that the expert's testimony had insufficient foundation as a claim that the expert's testimony was not based on a reliable methodology. Expert testimony must be based on a reliable methodology to be admissible. *Perez*, 129 Nev., Adv. Op. 90, 313 P.3d at 867. We note that, in basing her testimony on the police report, the expert has based her testimony on particularized facts and not assumption, conjecture, or generalization. *See id.* at 869.

(O) 1947A

provide cogent argument supporting this contention, we need not address this claim. *See id.*

Fifth, Johnson argues that the expert improperly vouched for the victim's credibility when the expert stated on cross-examination that "[the victim's] history was consistent with her behavior, as she stated that she had been molested and sexually abused." While a witness may not vouch for the testimony of another, an expert may testify as to whether a victim's behavior is consistent with that of a victim of sexual abuse. NRS 50.345; *Perez*, 129 Nev., Adv. Op. 90, 313 P.3d at 870. Unlike an outright assertion by an expert that a victim testified truthfully, *see Lickey v. State*, 108 Nev. 191, 196, 827 P.2d 824, 826-27 (1992), the expert here testified regarding the consistency between the victim's behavior and her alleged history of sexual abuse. Moreover, on direct examination, the expert identified particular elements of the victim's behavior that were consistent with the behavior of a sexual assault victim, specifically noting the victim's delayed reporting, desire to keep the matter a secret, and clarity on the acts themselves in her accounts of the crimes in the police report. We conclude that the district court did not admit improper vouching testimony and did not abuse its discretion.

Having considered Johnson's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

 

cc: Hon. James Todd Russell, District Judge
Waters Law Firm LLC
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk